IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY WHITLOCK, *et al.*,

    Plaintiffs,

v.  No. 23-cv-1026-MIS-LF

CURRY COUNTY DETENTION CENTER, *et al.*,

    Defendants.

## ORDER DISMISSING CASE

This matter is before the Court on the Prisoner Civil Rights Complaints and supplemental filings in this case, which were filed by or on behalf of the following inmate-plaintiffs: Jimmy Whitlock; Shaun Acy; Charles Kirven; Corey Dixon; Chancy Johnson; Ceci Cooper; and Ismael Acy. *See* ECF Nos. 1, 5, 7-10, 13, 14, 16, 18, 19, 21. The pleadings raise 42 U.S.C. § 1983 claims challenging the inmates' confinement at the Curry County Detention Center (CCDC), and in particular, the alleged failure to accommodate their religious diet. At least three of the inmate-plaintiffs are detained at CCDC. Two inmate-plaintiffs are incarcerated at different prisons, and Ceci Cooper severed contact with the Court after his release. *See* ECF No. 11. As a threshold issue, the Court must determine whether it is feasible for multiple inmate-plaintiffs to prosecute this case.

Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*,

Civil Action No. 11–cv–02628–BNB, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Hollins v. KDOC Staff*, CASE NO. 24-3134-JWL, 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, Case No. CIV-21-297-D, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, Civ. No. 21-350 WJ/JFR, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same).  If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2.  Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, CIV-23-875-D, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023).  *See also Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original).  This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim.  *Id.*

(explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, Civ. No. 18-619 JCH/GBW, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. The inmate-plaintiffs did not all sign one pleading, nor did they each sign their own pleading limited to their specific claims. Instead, different subsets of inmate-plaintiffs filed different pleadings, making it impossible to discern the scope of the joined claims. As noted above, the inmate-plaintiffs are housed in at least three different facilities, and one severed contact. Based on a name disparity, it is also unclear how many inmate-plaintiffs seek to prosecute the claims. The opening pleading lists the name of one plaintiff as Ismael Acy. *See* ECF No. 1. A later motion was filed by Shaun Acy, *see* ECF No. 13, and another complaint lists both Ismael Acy and Shaun Acy as plaintiffs, *see* ECF No. 16. For all of these reasons, the Court finds joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Hollins*, 2024 WL 4836237, at *3 (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, No. CIV–14–310–W, 2014 WL 2712305, at *2 (W.D. Okla. May

3

13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case. Jimmy Whitlock, Charles Kirven, Chancy Johnson, Corey Dixon, and Shaun Acy have all submitted or signed multiple pleadings. The Court also notes that dismissing the claims and requiring each inmate-plaintiff to file their own case will not result in any prejudice. The claims arose in July of 2023 and are not time-barred. *See* ECF No. 1 at 3 (noting the date); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). Moreover, none of the inmate-plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed joinder.

The Court will therefore dismiss this case, and each pleading herein, without prejudice. Each inmate-plaintiff must file a new case limited to their own claims, if they wish to continue litigating. If any inmate-plaintiff continues to file amended pleadings in this closed case, the Court may direct the Clerk's Office to open a new case for that individual. Finally, the Court will deny all pending motions (ECF Nos. 6, 9, 10, 13, 15, 17, 20, and 22) as moot and without prejudice to refiling in the new case.

**IT IS ORDERED** that all claims in the above-captioned case are **DISMISSED without prejudice**; all pending motions (**ECF Nos. 6, 9, 10, 13, 15, 17, 20, and 22**) are **DENIED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE